UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSEPH HARE, et al., | ) | CASE NO. 1:05 CV 0034 |
| | ) | |
| Petitioners, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| OHIO ADULT PAROLE AUTHORITY, | ) | ORDER |
| | ) | |
| Respondent. | ) | |

Petitioners Joseph Hare, David Cochrane, Timothy Boyd, Frank Mickes, Jack Greathouse, Lynn Boykin, Vance Fields, Andrew Perry, Dennis Pounds, Byron Kilgore, David Campbell, John Harvey, James Wallace, Michael Lampkin, Ray Williams, Kenneth Osbourne, Paul Lucas, Andre Patton, and Robert Yost filed a "Motion for Reconsideration" [ECF # 8] of the Court's decision to deny their Petition for a Writ of Habeas Corpus.[1]  For the following reasons, the Motion is **denied**.

---

[1] Mr. Hare signed the Motion on behalf of petitioners Stanley Stever, John Van Allen and Richard Cornley.  As Mr. Hare is not an attorney authorized to represent others, his signature alone is ineffective to bring the claims of these three individuals before the court.  A litigant must appear on his own behalf and sign his own motions and pleadings, or must appear through counsel.  See 28 U.S.C. § 1654; Steelman v. Thomas, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988).  Because Mr. Stever, Mr. Van Allen and Mr. Cornley have not signed the Motion, this court cannot address their claims.

In the Sixth Circuit, a motion for reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990). In requesting relief under Rule 59, the petitioners were required to file their motion to alter or amend within 10 days from the date of the March 29, 2005 judgment they seek to alter. FED. R. CIV. P. 59(e). Because the petitioners are prisoners, the motion is considered to be filed on the day they placed the motion in the prison mail system. See Houston v. Lack, 487 U.S. 266, 270 (1988). There is no clear indication, however, of when this occurred. The petitioners contend that they all signed the Motion on April 7, 2005. The package is postmarked April 13, 2005 and was received by the court on April 15, 2003. Because the date that the motion was placed in the mail is not well defined, the court will liberally construe it as having been filed timely on April 7, 2005.

Twenty-two prisoners filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, each asserting that he had been denied meaningful consideration for parole entitling him to a writ of habeas corpus. The Court issued its Memorandum of Opinion and Order on March 29, 2005 finding that twenty of the petitioners did not adequately demonstrate that they each exhausted the available state court remedies and dismissing the claims of those petitioners without prejudice. [ECF # 6]. The claims of petitioner Michael Lampkin were dismissed with prejudice pursuant to 28 U.S.C. § 2244. Nineteen of the original petitioners, including Mr. Lampkin, filed this Motion pursuant to Federal Rule of Civil Procedure 59(e), seeking relief from the Court's decision to deny the petition. They attach a copy of their petition for a writ of mandamus filed in the Ohio Supreme Court and claim that they have now demonstrated exhaustion of their state court remedies.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend

a judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." Gencorp, Inc. v. Am. Int'l Underwriters Co., 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Consequently, motions to reconsider must rely on new evidence and not information readily available during the prior proceedings. A motion under Rule 59(e) is not an opportunity to re-argue a case, Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." Id.

The petitioners fail to demonstrate that they are entitled to relief from judgment under Rule 59(e). There was no stated legal error or relevant change in the law regarding exhaustion of state court remedies or successive petitions between the time petitioners filed this action and the time they filed their Motion for Reconsideration.[2] They are not entitled to relief under Rule 59(e) based on newly discovered evidence as this information was available to them at the time they filed the petition. As the claims of Joseph Hare, David Cochrane, Timothy Boyd, Frank Mickes, Jack Greathouse, Lynn Boykin, Vance Fields, Andrew Perry, Dennis Pounds, Byron Kilgore, David Campbell, John Harvey, James Wallace,

---

[2] The Court is aware of an intervening change in Ohio law which may provide another state remedy for relief to the petitioners. The Ohio Tenth District Court of Appeals in the class action case Ankrom v. Hageman, Nos. 04AP-084, 04 AP-985, 04 AP-986, 04 AP-987, 04 AP-988, 04 AP-989, 04 AP-990, 04 AP-991, 04 AP-993, 04 AP-994, 2005 WL 737833 (Ohio App. 10 Dist. Mar. 31, 2005) recently determined that the Ohio Parole Authority's method of determining parole release runs afoul of the Ohio Supreme Court's decision in Layne v. Ohio Adult Parole Authority, 97 Ohio St. 3d 456 (2002). The case has been remanded to the Franklin County Court of Common Pleas for proceedings consistent with the opinion. This intervening change in the law concerning parole eligibility does not provide a basis for relief under Rule 59(e). Petitioner's case was dismissed for failure to demonstrate exhaustion of administrative remedies. They may now have an avenue of opportunity in the Ohio courts.

Ray Williams, Kenneth Osbourne, Paul Lucas, Andre Patton, and Robert Yost were dismissed without prejudice, there is no manifest injustice in the dismissal as those petitioners are free to file petitions after complying with the exhaustion requirement.[3] Michael Lampkin presents no argument to suggest that the dismissal of his petition presents a manifest injustice.

Accordingly, the "Motion for Reconsideration" [ECF # 8] is **denied.**

IT IS SO ORDERED.

    /s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATE: May 13, 2005

---

[3] While the petitioners argued that their petitions should be consolidated because they are each claiming that they were denied fair and meaningful consideration for parole and all seek the same relief, consolidation is not appropriate. The grounds for relief are highly dependant on the individual facts surrounding each inmate's consideration for parole. While the argument may have merit for one inmate based on his circumstances, the same argument may require dismissal for another inmate who received a parole consideration based entirely on different factors. In the event that the inmates choose to initiate new habeas actions which sufficiently demonstrate exhaustion of state court remedies, they should be filed as separate actions.